UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ZAYO GROUP, LLC, | \| |
| | \| |
| Plaintiff, | \| |
| | \| Case No.:  16 cv 07808 |
| v. | \| Hon. Sara L. Ellis |
| | \| |
| OCEAN PACIFIC INTERIORS, INC., | \| |
| | \| |
| Defendant. | \| |

---

DEFENDANT AND COUNTER-PLAINTIFF OCEAN PACIFIC INTERIORS, INC.'S
AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR
DECLARATORY JUDGMENT, FRAUDULENT INDUCEMENT, AND BREACH OF CONTRACT
AND COUNTERCLAIM FOR QUANTUM MERUIT AND BREACH OF CONTRACT

Defendant, Ocean Pacific Interiors, Inc. ("OPI"), by and through its attorneys, O'Hagan

Meyer LLC, for its Amended Answer and Affirmative Defenses to Plaintiff's Complaint for

Declaratory Judgment, Fraudulent Inducement, and Breach of Contract, and Counterclaim for

Quantum Meruit and Breach of Contract states as follows:

PARTIES

1.      Zayo is a Delaware limited liability company with its principal place of business in

Colorado.

ANSWER:     OPI lacks information sufficient to admit or deny this allegation, and

therefore denies the allegations of this paragraph and demands strict proof thereof.

2.      Zayo Group Holdings, Inc. is a Delaware corporation based in Colorado, and is

the sole member of Zayo.

ANSWER:     OPI lacks information sufficient to admit or deny this allegation, and

therefore denies the allegations of this paragraph and demands strict proof thereof.

3.      Ocean Pacific Interiors, Inc. ("OPI") is a New York corporation with its principal

place of business located in New York.

ANSWER:     OPI admits the allegations of this paragraph.

<u>SUBJECT MATTER JURISDICTION AND VENUE</u>

4.      The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(a)(1) based upon complete diversity of the parties and a minimum amount in controversy in excess of $75,000.00, exclusive of interest and costs.

ANSWER:      This paragraph alleges legal conclusions to which no answer is required. To the extent that an answer is required, OPI denies the allegations of this paragraph.

5.      Venue in this district is proper pursuant to 23 U.S.C. § 1391(a)(I) because the construction project at issue in this case was located in the State of Illinois and under the Illinois Building and Construction Contract Act, any venue provision in the documents at issue that requires suits to be filed outside of Illinois is not enforceable.

ANSWER:      OPI admits that the construction project in this case is located in the State of Illinois.  Answering further, this paragraph alleges legal conclusions to which no answer is required.  To the extent that an answer is required, OPI denies the legal conclusions of this paragraph.

<u>BACKGROUND FACTS</u>
<u>General Allegations</u>

6.      Pursuant to a written lease, Zayo is the tenant on the property located at 800 East Business Dr., Mount Prospect, IL 60056 (the "Property").

ANSWER:      OPI lacks information sufficient to admit or deny this allegation, and therefore denies the allegations of this paragraph and demands strict proof thereof.

7.      In 2013, Zayo decided to build a colocation center on the Property, and the colocation center construction was to be performed in phases (the "Project").

ANSWER:      OPI lacks information sufficient to admit or deny allegations related to how or when Zayo "decided" to build a colocation center, admits that the Project construction occurred in phases, and denies the remaining allegations of this paragraph.

8.      On July 10, 2014, Zayo and OPI entered into a Master Services Agreement ("MSA") pertaining to work to be performed for Zayo and by OPI on various projects, including the various phases of the Project. A true and correct copy of the MSA is attached hereto as Exhibit "1."

ANSWER:      OPI denies the allegations of this paragraph, specifically denies that the alleged MSA pertains to work on the Project, and denies that Exhibit "1" is a true and correct copy of a fully-executed, enforceable MSA.

<u>Phase 2 of the Project</u>

9.      On or about February 13, 2014, Zayo and OPI entered into "Exhibit A" to the CMSA for Phase Two of the Project, which outlined OPI's scope of work for that phase, and was for the total sum of $8,173,054.00 to be paid by Zayo to OPI. A true and correct copy of this Exhibit A document is attached hereto as Exhibit "2."

ANSWER:      OPI admits that "Exhibit A" states its initial scope of work for the Project, denies that the scope of work is fully and accurately set forth in this paragraph, admits that Exhibit "2" is a true and accurate copy, denies the total project sum alleged, and denies all remaining allegations of this paragraph.

10.      As for Phase Two, in addition to the contract sum of $8,173,054.00, there were three additional purchase orders for expanded scope of work entered into on the Project, in the amounts of $15,500.00, $421,946.00 and $550,000.00. True and correct copies of these purchase orders are attached hereto as Group Exhibit "3."

ANSWER:      OPI admits the existence of additional purchase orders, denies that the purchase orders were for the sums alleged, and denies all remaining allegations of this paragraph.

11.      Over the course of Phase Two of the Project, Zayo paid OPI the full contract sum of $8,173,054.00, and the last payment was made on July 16, 2014. All of the payments were made in exchange for a release of mechanic's lien provided by OPI.

3

ANSWER: OPI admits that it received payment of the amount alleged over the course of Phase 2, denies that such payments were made in exchange for the release of mechanic's lien, and denies all other allegations of this paragraph.

12.     The payments for the three purchase orders for Phase Two of the Project were made in the summer of 2014, and were also made in exchange for partial lien releases from OPI.

ANSWER: OPI admits that it received payment for certain change orders over the course of Phase 2, denies that such payments were made in exchange for the release of mechanic's lien, and denies all other allegations of this paragraph.

13.     After Zayo received an invoice for OPI's services on the Project, and after OPI received payment from Zayo of that invoice, OPI provided Zayo with a partial lien for each payment made.

ANSWER: OPI denies the allegations of this paragraph.

14.     The total amount of partial lien releases Zayo received from OPI equaled the amount Zayo owed under the parties' agreements on the Project.

ANSWER: OPI denies the allegations of this paragraph.

15.     Zayo satisfied its contractual obligations and received a full and complete release of lien, which was achieved over a total of six (6) partial lien waivers received from OPI.

ANSWER: OPI denies the allegations of this paragraph.

16.     For example, on or about July 16, 2014, OPI provided a Release of Lien, identifying that it was owed $0.00 for its work on Phase Two of the Project after payment of $388,989.81. The July 16, 2014 Release of Lien provided:

> In consideration of receiving a payment from Zayo Group LLC in the amount of $388,989.81, Ocean Pacific Interiors Inc., and its corporate parents, affiliates, subsidiaries, employees, agents, subcontractors, materialmen, successors and assigns (collectively, the "Claimant") hereby agrees and acknowledges it has received partial payment for all work, services, materials and equipment provided to the construction project located at 800

Business Drive, Mt Prospect, IL 60056 (the "Project") due and owing as of this date. To that end, Claimant, as of this date, releases and discharges any claims, rights and/or judgments it has, or may have against, Zayo Group LLC, the owner of the real property located at 800 Business Drive, Mt Prospect, IL 60056 (the "Owner") relative to the Project. **The Claimant represents and warrants that it has paid in full and has otherwise fully satisfied all of its obligations for all work, services, materials and equipment furnished and labor supplied by or on behalf of the Claimant on the Project.**

Claimant sells, assigns and transfers to Zayo Group LLC, its successors or assigns, all of the Claimant's rights, title and interest to any claim, right, judgment or recovery relative to the Property and/or the Project that it has had, or may have as of this date, including Claimant's right to file and discharge mechanic liens. Claimant hereby appoints Zayo Group LLC as its attorney-in-fact for the purposes of discharging any lien Claimant may have filed on the Property. Claimant also agrees to execute such further documents as may be reasonably necessary to effectuate the assignment and transfer the aforementioned claims to Zayo Group LLC. Claimant represents and warrants it has not filed a mechanic's lien on the Property as of this date, and in the future shall not file a mechanic's lien on the Project for the claims released and discharged herein. **Claimant further represents that, as of this date, all suppliers of labor, equipment, materials, superintendence, or any other service or commodity, whether under direct contractual obligations to the Claimant or not, who have contributed directly or indirectly to the Claimant's fulfillment of its contractual obligations relating to the Project, have been paid in full (or shall be paid in full within seven (7) days) and there are no outstanding claims, demands, fines, or unsettled disputes between the Claimant and any of its subcontractors, materialmen, or suppliers.** In the event that the Claimant hereafter becomes aware of any such claim, demand, or dispute, the Claimant agrees to notify Zayo Group LLC writing within three (3) calendar days **and to immediately discharge or satisfy any such claim, demand, or dispute at the Claimant's sole expense.** Claimant(s) further agrees, upon Zayo Group LLC's request, to immediately provide Zayo Group LLC or its designee with such further releases, and releases of liens, and any other requisite instruments from itself and its subcontractors and suppliers as Deutsche Bank may require within three (3) days of Zayo Group LLC's written request.

**Claimant agrees to indemnify, protect, defend and hold Zayo Group LLC harmless from and against all losses, damages, expenses or liabilities of every kind whatsoever which arise from or are related to a breach of any term of this agreement, including without limitation, all losses arising from or in**

**connection with all suits, proceedings, claims and/or demands from third parties** and/or all damages, costs, fines and/or penalties of any kind whatsoever by any governmental entity, and any all claims, demands or losses of every kind whatsoever by Zayo Group LLC's surety on this project (if any), which are suffered, incurred, sustained or required to be paid by Zayo Group LLC, including without limitation all legal costs including attorneys' fees and court costs incurred in investigating and defending any of the above. In connection with this defense and indemnity obligation of the Claimant, **Zayo Group LLC, shall have the right, in its sole and absolute discretion and upon notice to the Claimant, to employ separate counsel in any such suit or proceeding and/or to participate in the defense thereof at the Claimant's expense.** Further, to the extent any statement, covenant or representation made by Claimant herein is breached and/or is false, Zayo Group LLC will be entitled to recover all damages resulting therefrom including, but not limited to, all attorneys' fees incurred by Zayo Group LLC. Any and all litigation arising between the Claimant and Zayo Group LLC as a result of, but not limited to, liability, damages, costs, fines, and/or penalties incurred by Zayo Group LLC shall be litigated in New York and subject to New
York state law. The undersigned represents and warrants that he or she is duly authorized to execute this document and bind the Claimant to the promises made herein.

A true and correct copy of the July 16, 2014 Release of Lien is attached hereto as Exhibit "4."

ANSWER: OPI admits that the quoted language, without emphasis, appears in the "Partial Release of Lien Rights and Related Matters Agreement" attached as Exhibit "4," denies all liability alleged based on this document, and denies all other allegations of this paragraph.

17. Despite the representations in the July 16, 2014, Release of Lien, as of the time of the final payment for Phase Two from Zayo to OPI, many subcontractors and suppliers of OPI had not been paid by OPI.

ANSWER: OPI denies the allegations of this paragraph.

18. To that end, numerous subcontractors and suppliers sent notice and/or recorded mechanic's liens on the Property: (a) on October 1, 2014, Sunrise Electrical recorded a mechanic's lien For $304,089.64; (b) on October 9, 2014, Advance Electrical recorded a mechanic's lien for $69,078.28; (e) on September 3, 2014, Columbia Pipe & Supply recorded a mechanic's lien for $92,783.89; (d) on November 4, 2014, NY Electric recorded a mechanic's

lien for $766,600.47; (e) on December 2,2014, Talaga Sheet Metal recorded a mechanic's lien for $201,978.00; (t) on December 22, 2014, Parkside Insulation recorded a mechanic's lien for $47,323.00; (g) on January 29, 2015, Chicago Switchboard recorded a mechanic's lien for $21,974.76; (h) on February 6, 2015, Porter Pipe recorded a mechanic's lien for $21,620.47; and on October 16. 2014, Burris Equipment Co. recorded a mechanic's lien for $8,261.00.

ANSWER:    OPI admits the existence of lien waivers noticed, filed and/or recorded from the named parties, denies any liability based on the waivers, and denies all other allegations of this paragraph.

19.    On Phase Two of the Project, OPI was also responsible for the installation of two Arctic Cool chillers on the roof of the Property.

ANSWER:    OPI denies the allegations of this paragraph.

20.    The chillers were purchased by Zayo at a cost $783,000.00.

ANSWER:    OPI admits that Zayo purchased the chillers, but lacks knowledge sufficient to admit or deny the cost of these chillers and therefore denies this allegation.

21.    Starting in November of 2014, Zayo noticed issues with the chillers installed by OPI and they eventually became inoperable.

ANSWER:    OPI denies the allegations of this paragraph.

22.    The chillers experienced problems and became inoperable as a result of OPI, or one of its subcontractors, failing or neglecting to put glycol in the water in the free cooling coils.

ANSWER:    OPI denies the allegations of this paragraph.

23.    In order to correct OPI's work on the chillers, Zayo was forced to expend the sum $623,973.00.

ANSWER:    OPI denies the allegations of this paragraph.

24.    Furthermore, OPI has failed to provide certain documentation for Zayo to close out its permit of Phase 2 and receive a certificate of occupancy from the Village of Mt. Prospect related to the Project.

ANSWER:     OPI denies the allegations of this paragraph.

### Phase 2-A of the Project

25.     On or about January 19, 2015, Zayo and OPI entered into an Amended Project Services Agreement which was to cover additional work to be performed by OPI on the Project (the "Phase 2-A Agreement"). A true and correct copy of the Phase 2-A Agreement is attached hereto as Exhibit "5."

ANSWER:     OPI denies the allegations of this paragraph.

26.     In accordance with the Phase 2-A Agreement, OPI agreed to perform certain punch list and other tasks for the Project. (Exhibit 5).

ANSWER:     OPI denies the allegations of this paragraph.

27.     In accordance with the Phase 2-A Agreement, Zayo agreed to pay to OPI the sum of $795,689.00. (Exhibit 5).

ANSWER:     OPI denies the allegations of this paragraph.

28.     As for the Arctic Cool chillers referenced above, the Phase 2-A Agreement provided that OPI was to:

(a)     Submit a claim to its insurer, without waiving or releasing any insurer subrogation rights, for damage to the chiller system that currently exists;

(b)     Provide and fund a mutually acceptable vendor to repair and/or control and oversee the repair of the chiller system to its intended operating condition, which repair(s) and subsequent third party warranty shall be subject to Zayo's prior reasonable approval, which shall not be unreasonably withheld;

(c)     Fund the repair of the chiller system in the event that Contractor's insurer denies any or all of the insurance claim;

(d)     Upon completion of chiller system repairs, re-commission the mechanical systems to ensure proper operation / functionality as evidenced by the establishment of a third party warranty; and

(e)     Provide and/or fund temporary chiller unit(s) as necessary during any and all repairs to the primary/permanent chiller system(s).

(Exhibit 5).

ANSWER: OPI denies the allegations of this paragraph, inclusive of subparts (a) – (e).

29. Claims regarding the chiller system were denied by insurers for both Zayo and OPI, but, to date, OPI has failed and refused to reimburse Zayo for the costs associated with the chillers.

ANSWER: OPI admits that it has not reimbursed Zayo the sums it claims are associated with the chillers, denies any obligation to do so, denies that its insurance claim has be fully and fairly resolved, and denies the remaining allegations of the paragraph.

30. In accordance with the Phase 2-A Agreement, OPI agreed to complete the Project by May 1, 2015, (Exhibit 5).

ANSWER: OPI denies the allegations of this paragraph.

31. The Phase 2-A Agreement was amended by the parties, and the new agreed-upon completion date for the Project was August 17, 2015, A true and correct copy of the Amended First Amendment to Project Service Agreement #2A is attached hereto as Exhibit "6,"

ANSWER: OPI denies the allegations of this paragraph.

32. Despite the agreement to finish this Project by August 17, 2015 in accordance with the Phase 2-A Agreement (and its amendments), OPI did not finish its work until May of 2016.

ANSWER: OPI denies the allegations of this paragraph.

33. In accordance with the Phase 2-A Agreement, Zayo is entitled to liquidated damages from OPI of One percent (1%) per day, up to one thousand dollars ($1,000) per day, for each calendar day of delay after August 17, 2015, (Exhibits 5 and 6),

ANSWER: OPI denies the allegations of this paragraph.

<u>COUNT I</u>
<u>Declaratory Judgment: Defense/Indemnification</u>

34.     Zayo restates and incorporates each of the allegations in Paragraphs 1 through 33 of this Complaint as if fully set forth herein as Paragraph 34,

ANSWER:     OPI repeats and reasserts its answers to the allegations contained in Paragraphs 1 through 33 as if set forth herein.

35.     In accordance with the lien waivers provided by OPI on the Project, OPI agreed to indemnify, defend and hold Zayo harmless from and against losses related to the Project, including attorneys' fees and court costs incurred in investigating and defending claims made against Zayo on the Project.

ANSWER:     OPI denies the allegations of this paragraph.

36.     It is OPI's position that it is not responsible for defending or indemnifying Zayo from the claims made by OPI's subcontractors and suppliers on the Project,

ANSWER:     OPI admits the allegations of this paragraph.

37.     Zayo has incurred substantial damages defending against the claims made by OP['s subcontractors and suppliers on the Project, including attorneys' fees and court costs,

ANSWER:     OPI denies the allegations of this paragraph.

38.     An actual controversy exists as to whether or not OPI is responsible for defending and indemnifying Zayo for the damages it has incurred, and continues to incur, defending against the claims made by OPI's subcontractors and suppliers on the Project. That controversy is concrete and justiciable in character, and each party possesses an interest in resolving it.

ANSWER:     OPI denies the allegations of this paragraph.

39.     This Court is authorized to declare the rights and liabilities of the parties hereto under said agreements' terms and provisions, and to adjudicate the final rights of all parties hereto thereunder; and to give such other and further relief necessary to enforce the same,

ANSWER:     OPI denies the allegations of this paragraph.

40.     The resolution of the controversies as outlined in this count will terminate the parties' dispute regarding the defense and indemnification requirements under the lien waivers provided by OPI to Zayo.

ANSWER:     OPI denies the allegations of this paragraph.

WHEREFORE, Defendant, Ocean Pacific Interiors, Inc., by and through its attorneys, O'Hagan Meyer LLC, respectfully requests that the Court enter judgment in its favor and against Plaintiff's Complaint for Declaratory Judgment, Fraudulent Inducement, and Breach of Contract, including fees and costs, and award all other just and proper relief in the premises.

<u>COUNT II</u>
<u>Fraudulent Inducement</u>

41.     Zayo restates and incorporates each of the allegations in Paragraphs I through 33 of this Complaint as if fully set forth herein as Paragraph 41.

ANSWER:     OPI repeats and reasserts its answers to the allegations contained in Paragraphs 1 through 41 as if set forth herein.

42.     To induce Zayo to make payments to OPI on the Project, OPI provided certain lien waivers to Zayo.

ANSWER:     OPI denies the allegations of this paragraph.

43.     On those lien waivers, OPI made representations, including that "all suppliers of labor, equipment, materials, superintendence, or any other service or commodity, whether under direct contractual obligations to the Claimant or not, who have contributed directly or indirectly to the Claimant's fulfillment of its contractual obligations relating to the Project, have been paid in full (or shall be paid in full within seven (7) days) and there are no outstanding claims, demands, fines, or unsettled disputes between the Claimant and any of its subcontractors, materialmen, or suppliers."

ANSWER:     OPI denies the allegations of this paragraph.

11

44.     Despite the representations in the lien waivers, OPI did, in fact, know of "suppliers of labor, equipment, materials, superintendence, or any other service or commodity" who were owed money on the Project and/or that there were outstanding "claims, demands, fines, or unsettled disputes" between OPI and "its subcontractors, materialmen, or suppliers" on the Project.

ANSWER:     OPI denies the allegations of this paragraph.

45.     Additionally, for each payment made by Zayo to OPI, OPI provided documents called "Requests for Payment."

ANSWER:     OPI denies the allegations of this paragraph.

46.     In the requests for payment, OPI swore under oath that it had paid all amounts previously paid by OPI to its suppliers and subcontractors.

ANSWER:     OPI denies the allegations of this paragraph.

47.     In the Sixth Request for Payment for the Project, OPI swore under oath that the total remaining amount due and owing for OPI's work on the Project was $0.00 and that, as of the date of the requests for payment, OPI was 100% complete with Phase Two of the Project.

ANSWER:     OPI denies the allegations of this paragraph.

48.     Despite the representations made in the requests for payment, and more specifically, the Sixth Request for Payment, OPI did not pay all sums due to its suppliers and subcontractors and OPI was not 100% complete with Phase Two of the Project as seen by the significant amount of mechanic's liens placed on the property by OPI's suppliers and subcontractors after that date.

ANSWER:     OPI denies the allegations of this paragraph.

49.     The representations made by OPI in the lien waivers and requests for payment were made in order to induce Zayo to make payments to OPI.

ANSWER:     OPI denies the allegations of this paragraph.

12

50.     The representations made by OPI in the lien waivers and requests for payment were false.

ANSWER:     OPI denies the allegations of this paragraph.

51.     Zayo reasonably relied upon the misrepresentations made by OPI in the lien waivers and requests for payment.

ANSWER:     OPI denies the allegations of this paragraph.

52.     Zayo relied, to its detriment, on the misrepresentations made by OPI in the lien waivers and requests for payment, and has been damaged by those fraudulent representations.

ANSWER:     OPI denies the allegations of this paragraph.

WHEREFORE, Defendant, Ocean Pacific Interiors, Inc., by and through its attorneys, O'Hagan Meyer LLC, respectfully requests that the Court enter judgment in its favor and against Plaintiff's Complaint for Declaratory Judgment, Fraudulent Inducement, and Breach of Contract, including fees and costs, and award all other just and proper relief in the premises.

<u>COUNT III</u>
<u>Breach of Contract: Failure to Defend/Indemnify</u>

53.     Zayo restates and incorporates each of the allegations in Paragraphs 1 through 33 of this Complaint as if fully set forth herein as Paragraph 53.

ANSWER:     OPI repeats and reasserts its answers to the allegations contained in Paragraphs 1 through 33 as if set forth herein.

54.     Despite the representations in the lien waivers to the contrary, to date, OPI has failed to defend and indemnify Zayo from the claims made by its suppliers and subcontractors on the Project.

ANSWER:     OPI admits that it has not defended and/or indemnified Zayo against the mechanic's lien claims pending against it, denies any liability to provide this defense or indemnification to Zayo, and denies the remaining allegations of the paragraph.

55.     Zayo has fully performed under its contractual obligations with OPI.

ANSWER:     OPI denies the allegations of this paragraph.

56.     Due to the breach of the agreement in the lien waivers, Zayo has been damaged in that it has incurred attorneys' fees and costs defending against the lien claims of OPI's suppliers and subcontractors.

ANSWER:     OPI denies the allegations of this paragraph.

WHEREFORE, Defendant, Ocean Pacific Interiors, Inc., by and through its attorneys, O'Hagan Meyer LLC, respectfully requests that the Court enter judgment in its favor and against Plaintiff's Complaint for Declaratory Judgment, Fraudulent Inducement, and Breach of Contract, including fees and costs, and award all other just and proper relief in the premises.

COUNT IV<br>Breach of Contract: Chiller Repairs

57.     Zayo restates and incorporates each of the allegations in Paragraphs I through 33 of this Complaint as if fully set forth herein as Paragraph 57.

ANSWER:     OPI repeats and reasserts its answers to the allegations contained in Paragraphs 1 through 33 as if set forth herein.

58.     As identified above, as part of the Phase 2-A Agreement, OPI agreed to fund the repair of the Arctic Cool chiller system if OPI's insurer denied the claim regarding the chillers.

ANSWER:     OPI denies the allegations of this paragraph.

59.     OPI's insurer denied the claim regarding the chillers.

ANSWER:     OPI denies the allegations of this paragraph and, answering further, states that the insurer's review of the claim is ongoing.

60.     Zayo's insurer also denied the claim regarding the chillers.

ANSWER:     OPI lacks information sufficient to admit or deny this allegation as it has not been involved in this claim, does not know the options for appeal or arbitration of any final decision, if made, and therefore denies it.

61. Despite the promise to do so, OPI has refused and failed to reimburse Zayo for out of pocket costs spent to repair the Arctic Cool chiller system.

ANSWER: OPI admits that it has not reimbursed Zayo the sums it claims are associated with the chillers, denies any obligation to do so, and denies the remaining allegations of the paragraph.

62. Zayo has fully performed under the Phase 2-A Agreement.

ANSWER: OPI denies the allegations of this paragraph.

63. The failure to reimburse Zayo for its out of pocket costs spent to repair the Arctic Cool chiller system is a breach of the Phase 2-A Agreement by OPI.

ANSWER: OPI denies the allegations of this paragraph.

64. Zayo has been damaged by OPI's failure to reimburse Zayo.

ANSWER: OPI denies the allegations of this paragraph.

65. On February 23, 2016, Zayo demanded that OPI reimburse it for out of pocket costs spent to repair the Arctic Cool chiller system, but to date, OPI has not responded to the demand or reimbursed Zayo for its out of pocket costs. A true and accurate copy of the February 23, 2016 demand is attached hereto as Exhibit "7."

ANSWER: OPI admits that Zayo made the alleged demand, denies any liability or obligation to reimburse the alleged out of pocket costs, and denies the remaining allegations of this paragraph.

WHEREFORE, Defendant, Ocean Pacific Interiors, Inc., by and through its attorneys, O'Hagan Meyer LLC, respectfully requests that the Court enter judgment in its favor and against Plaintiff's Complaint for Declaratory Judgment, Fraudulent Inducement, and Breach of Contract, including fees and costs, and award all other just and proper relief in the premises.

<u>COUNT V</u>
<u>Breach of Contract: Daily Damages for Failing to Complete Project</u>

66.     Zayo restates and incorporates each of the allegations in Paragraphs I through 33 of this Complaint as if fully set forth herein as Paragraph 66.

ANSWER:     OPI repeats and reasserts its answers to the allegations contained in Paragraphs 1 through 33 as if set forth herein.

67.     In accordance with the Phase 2-A Agreement (and its amendment), OPI agreed to finalize Phase 2-A of the Project by August 17, 2015. (Exhibits 5 and 6).

ANSWER:     OPI denies the allegations of this paragraph.

68.     Despite the agreement to finish Phase 2-A of the Project by August 17, 2015 in accordance with the Phase 2-A Agreement (and its amendments), OPI did not finish its work until April of 2016.

ANSWER:     OPI denies the allegations of this paragraph.

69.     In accordance with the Phase 2-A Agreement, Zayo is entitled to liquidated damages from OPI of one percent (1 %) per day, up to one thousand dollars ($1,000) per day, for each calendar day of delay after August 17, 2015. (Exhibits 5 and 6).

ANSWER:     OPI denies the allegations of this paragraph.

70.     Zayo has fully performed under the Phase 2-A Agreement.

ANSWER:     OPI denies the allegations of this paragraph.

71.     The failure of OPI to finish Phase 2-A of the Project is a breach of the Phase 2-A Agreement by OPI.

ANSWER:     OPI denies the allegations of this paragraph.

72.     Zayo has been damaged by OPI's breaches of the Phase 2-A Agreement.

ANSWER:     OPI denies the allegations of this paragraph.

73.     On February 19, 2016, Zayo demanded that OPI pay the liquidated damages due to OPI's failure to complete Phase 2-A oft he Project in a timely manner, but to date, OPI has

not responded to the demand or paid Zayo the liquidated damage amount. A true and accurate copy of the February 19, 2016 demand is attached hereto as Exhibit "8."

ANSWER: OPI admits that Zayo made the alleged demand, denies any liability or obligation to pay liquidated damages, and denies the remaining allegations of this paragraph.

WHEREFORE, Defendant, Ocean Pacific Interiors, Inc., by and through its attorneys, O'Hagan Meyer LLC, respectfully requests that the Court enter judgment in its favor and against Plaintiff's Complaint for Declaratory Judgment, Fraudulent Inducement, and Breach of Contract, including fees and costs, and award all other just and proper relief in the premises.

COUNT VI<br>Breach of Contract: Other Damages on the Project

74.     Zayo restates and incorporates each of the allegations in Paragraphs I through 33 of this Complaint as if fully set forth herein as Paragraph 74.

ANSWER: OPI repeats and reasserts its answers to the allegations contained in Paragraphs 1 through 33 as if set forth herein.

75.     The MSA provided, in part, in Section 6 that:

**Warranty of Services:** [OPI] warrants that the Services performed under this Agreement conform to the Agreement requirements and are free from defects in design or workmanship performed by the [OPI] or any of its subcontractors (the "Services Warranty"). This Services Warranty shall remain in effect for twelve (12) months from the date Services are completed.

[OPI] shall remedy at its expense any such defect or failure to conform and is responsible for any damages to persons and property resulting from such defects or failure to conform. The Contractor shall also restore any Services damaged in fulfilling the terms of this Services Warranty.

(Exhibit I).

ANSWER: OPI admits that the quoted language appears in the MSA, denies its application to Zayo's allegations or its application to the Project, denies any liability pursuant to the MSA, and denies the remaining allegations of this paragraph.

76.     On June 19, 2014, during construction on the Project, OPI failed to wait the statutorily required period of time after calling the Illinois State One-Call System, before commencing their work to request a locate extension and to have all utility companies mark their lines on the property.

ANSWER:     OPI denies the allegations of this paragraph.

77.     When OPI called the Illinois State One-Call System, OPI was required to cease all digging activities on the property to allow all utility companies to mark their lines.

ANSWER:     OPI denies the allegations of this paragraph.

78.     OPI violated the Illinois State One-Call System when it continued to excavate on June 21, 2014 and hit and damaged Commonwealth Edison's service line in the tolerance zone/easement with power equipment, ultimately knocking out power to the facility where the Project was located.

ANSWER:     OPI denies the allegations of this paragraph.

79.     OPI's actions have damaged Zayo in that Commonwealth Edison has billed Zayo for the aforementioned damage to its service line.

ANSWER:     OPI denies the allegations of this paragraph.

80.     OPI's failure to reimburse Zayo for the amount billed by Commonwealth Edison is a breach of the MSA, and more specifically, the warranty provision in Section 6.

ANSWER:     OPI denies the allegations of this paragraph.

WHEREFORE, Defendant, Ocean Pacific Interiors, Inc., by and through its attorneys, O'Hagan Meyer LLC, respectfully requests that the Court enter judgment in its favor and against Plaintiff's Complaint for Declaratory Judgment, Fraudulent Inducement, and Breach of Contract, including fees and costs, and award all other just and proper relief in the premises.

<u>AFFIRMATIVE DEFENSES</u>

Defendant, Ocean Pacific Interiors, Inc., by and through its attorneys, O'Hagan Meyer LLC, and pursuant to Rule 8 of the Federal Rules of Civil Procedure asserts the following

affirmative defenses to Plaintiff, Zayo Group, LLC's Complaint for Declaratory Judgment, Fraudulent Inducement, and Breach of Contract:

1.     Zayo's claims, if any, are barred because they fail to state a claim upon which relief may be granted.

2.     Zayo's claims, if any, are barred to the extent it failed to mitigate its damages.

3.     Zayo's claims, if any, that are based on written agreements, instruments and other documents fail for want of consideration and are unenforceable.

4.     Zayo waived its claims, if any, for indemnification because it failed to demand indemnification or tender its defense during the course of the litigation of the claims against Zayo.

5.     Zayo's claims, if any, are barred by the equitable doctrine of unclean hands.

6.     Zayo's claims, if any, are barred in their entirety by the provisions of the Construction Management Services Agreement.

7.     Zayo obtained the Master Services Agreement (previously defined as "MSA"), if applicable, by fraud in the inducement.

8.     If enforceable, the MSA does not govern the relationship between the parties with regard to the Project.

9.     Zayo obtained the Amended Project Services Agreement (previously defined as "Phase 2-A Agreement") by duress such that the agreement is not enforceable.

10.     Zayo obtained the Phase 2-A Agreement by misrepresentation and fraud in the inducement and execution of the document such that the agreement is not enforceable or, to the extent the agreement may still be enforced, it must be enforced subject to the Construction Management Services Agreement ("CMSA") instead of the MSA.

11.     The Phase 2-A Agreement is voidable and can be rescinded by OPI due to a mutual mistake in its failure to incorporate the correct applicable contract, the CMSA.

12.     To the extent the Phase 2-A Agreement is enforceable, the agreement is now terminated such that by its terms, no further liability or obligations arise under it.

13.     Zayo's claims in reliance on OPI's Requests for Payment fail based on Zayo's failure to append such documents to the complaint or allege them in sufficient detail.

14.     Zayo has waived its claims, if any, based on the theory of fraudulent inducement by failing to object and disavow the agreements between the parties upon learning of the alleged fraud and, instead, by continuing to act pursuant to them.

15.     Zayo agreed to a forum other than the present venue for disputes arising out of the Partial Release of Lien Rights and Related Matters Agreement such that transfer to the selected forum is appropriate.

16.     Zayo agreed to the application of New York law to resolve disputes arising out of the Partial Release of Lien Rights and Related Matters Agreement such that if the case is not transferred, the Court should apply New York law to these counts.

17.     OPI reserves the right to raise additional affirmative defenses as its investigation and discovery continue.

WHEREFORE, Defendant, Ocean Pacific Interiors, Inc., by and through its attorneys, O'Hagan Meyer LLC, respectfully requests that the Court enter judgment in its favor and against Plaintiff's Complaint for Declaratory Judgment, Fraudulent Inducement, and Breach of Contract, including fees and costs, and award all other just and proper relief in the premises.

<u>COUNTERCLAIM FOR QUANTUM MERUIT AND BREACH OF CONTRACT</u>

Counter-Plaintiff, Ocean Pacific Interiors, Inc. ("OPI"), by and through its attorneys, O'Hagan Meyer LLC, for its Counterclaim for Quantum Meruit and Breach of Contract against Counter-Defendant, Zayo Group, LLC ("Zayo"), states as follows:

<u>PARTIES</u>

1.     OPI is a New York corporation with its principal place of business located in New York.

2.      Zayo is a Delaware limited liability company with its principal place of business in Colorado.

<u>FACTUAL ALLEGATIONS COMMON TO BOTH COUNTERCLAIMS</u>

3.      Beginning in or about December 2014 and continuing to the date of its execution, Zayo and OPI negotiated the First Amended Project Service Agreement (previously defined as "Phase 2-A Agreement").

4.      The Phase 2-A Agreement was intended by the parties to govern the completion of OPI's work at the Project consistent with the applicable existing agreements between the parties for that work.

5.      OPI's work on the Project was governed by the Construction Management Services Agreement ("CMSA"), which took effect November 1, 2011.   (See <u>Construction Management Services Agreement</u>, attached hereto as Exhibit "A.")

6.      The CMSA governed OPI's work on Phase 2 of the Project as described by the "Exhibit A" scope of work document designated by Zayo in its Complaint as Exhibit 2.

7.      OPI had a reasonable belief and justifiable expectation that its continued work on Phase 2-A as set forth by the Phase 2-A Agreement would also be subject to the CMSA.

8.      OPI had a reasonable belief and justifiable expectation that the Master Services Agreement (previously defined as "MSA") governed future, smaller-scale construction between the parties, not ongoing, large-scale construction such as the Project.

9.      During the creation of the Phase 2-A Agreement, in a December 30, 2014, revision and continuing thereafter, corporate counsel for Zayo represented that the references to the Master Services Agreement in the Phase 2-A Agreement were "in error."

<u>COUNT I</u>
<u>Quantum Meruit</u>

10.      OPI restates and realleges the factual allegations of Paragraphs 1 through Paragraph 9 of its Counterclaim as though fully set forth here as Paragraph 10.

11. OPI provided construction management services to Zayo as the construction manager at the Project pursuant to the CMSA.

12. Zayo received the benefit of those services, which included the action items identified in the punch list of the Phase 2-A Agreement. (See <u>Phase 2-A Agreement</u>, designated by Plaintiff in support of its Complaint as Exhibit "5.")

13. This benefit included supervision, coordination, labor, materials, and other construction management services over nearly two years of construction.

14. Should the Court find that the Phase 2-A Agreement is not enforceable based on the affirmative defenses asserted herein or any other bases, OPI is still entitled to receive the value of the construction management services it provided.

15. Zayo accepted these construction management services and received their benefit, in particular, in the continuing operations of the colocation center on the Property.

16. Zayo's retention of the construction management services is unjust because the company has received and accepted, but not paid for OPI's services.

17. Zayo's retention of the construction management services that OPI provided to the Project violates the equitable principles of fair play, honest dealing, and also more bedrock notions of justice and equity by accepting services without providing payment.

18. OPI provided unpaid value to the Project totaling nearly $300,000 and is entitled to receive payment of the unpaid value.

WHEREFORE, Counter-Plaintiff, Ocean Pacific Interiors, Inc., by and through its attorneys, O'Hagan Meyer LLC, respectfully requests that the Court enter judgment in its favor and against Counter-Defendant, Zayo Group, LLC, including fees and costs, and award all other just and proper relief in the premises.

<u>COUNT II</u>
<u>Breach of Contract</u>

19.     OPI restates and realleges the factual allegations of Paragraphs 1 through Paragraph 9 of its Counterclaim as though fully set forth here as Paragraph 19.

20.     Pleading in the alternative, Zayo and OPI entered into the Phase 2-A Agreement by which OPI performed additional work on the Project.   (See <u>Phase 2-A Agreement</u>, designated by Plaintiff in support of its Complaint as Exhibit "5.")

21.     OPI performed the punch list items and other tasks pursuant to the Phase 2-A Agreement.

22.     OPI has fully performed the work and punch list items set forth by the Phase 2-A Agreement.

23.     OPI is due $253,351.49 under the Phase 2-A Agreement and has demanded this sum from Zayo.

24.     Zayo has refused to pay and, consequently, breached the Phase 2-A Agreement.

25.     Further, Zayo has breached the Phase 2-A Agreement by its failure to meet its obligations and respect the limitations of its rights as set forth by the governing CMSA.

26.     OPI has been damaged by the breach of the Phase 2-A Agreement in the amount of $253,351.49 plus applicable interest, attorney's fees, and costs.

WHEREFORE, Counter-Plaintiff, Ocean Pacific Interiors, Inc., by and through its attorneys, O'Hagan Meyer LLC, respectfully requests that the Court enter judgment in its favor and against Counter-Defendant, Zayo Group, LLC, including fees and costs, and award all other just and proper relief in the premises.

Respectfully submitted,

By:     /s/ Kevin C. Rasp
            Counsel for Defendant

Denean K. Sturino (ARDC No. 6231325)

23

Kevin C. Rasp (ARDC No. 6297481)
O'HAGAN MEYER LLC
One East Wacker Drive, Suite 3400
Chicago Illinois 60601
T - 312.422.6100
F - 312.422.6110
dsturino@ohaganmeyer.com
krasp@ohaganmeyer.com

<u>CERTIFICATE OF SERVICE</u>

I certify that on the 6th day of January, 2017, I electronically filed a true and complete

copy of the above and foregoing pleading or paper with the Clerk of Court using the CM/ECF

system, which will send notification of such filing to the following attorneys of record:

FREEBORN & PETERS, LLP
Attorney for Plaintiff
David J. Doyle
Adam C. Toosley
311 South Wacker Drive, Suite 3000
Chicago, Illinois 60606
atoosley@freeborn.com

s/ Kevin C. Rasp
Counsel for Defendant

Kevin C. Rasp (ARDC No. 6297481)
O'HAGAN MEYER LLC
One East Wacker Drive, Suite 3400
Chicago Illinois 60601
T - 312.422.6100
F - 312.422.6110
krasp@ohaganmeyer.com