**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ZAYO GROUP, LLC, | |
|       Plaintiff, | |
|     v. | Case No. 16-cv-7808 |
| OCEAN PACIFIC INTERIORS, INC., | |
|       Defendant. | |

**JOINT INITIAL STATUS REPORT**

I.    The Nature of the Case:

    A.    Identify (names and contact information) for all attorneys of record for each party, including the lead trial attorney.

        *Plaintiff's Attorneys:*

        *David J. Doyle (Lead)*
        *Adam C. Toosley*
        *Freeborn & Peters LLP*
        *311 South Wacker Drive, Suite 3000*
        *Chicago, IL 60606-6677*
        *312.360.6000*

        *Defendants' Attorneys:*

        *Denean Sturino (Lead)*
        *Kevin C. Rasp*
        *O'Hagan Meyer LLC*
        *One E Wacker Dr., Suite 3400*
        *Chicago, IL 60601*
        *312.422.6100*

    B.    Briefly describe the nature of the claims asserted in the complaint and any counterclaims and/or third party claims.

        *Plaintiff's claim against the Defendant pertains to a construction project in Mt. Prospect, Illinois. The Defendant was the construction services manager and entered into various agreements that the Plaintiff claims were breached. Defendant denies all material allegations. Since the original filing of this action, many matters have been resolved mainly as they pertain to the lien issues arising*

*from claims maded by subcontractors that worked at the Mt. Prospect project. The claims that remain are: (a) an alleged failure to reimburse Plaintiff for chillers that were damaged; (b) a claim for damages for not finishing the construction project in accordance with the agreed-upon date in the agreements; and (c) damage to Commonwealth Edison's service line on the property that Plaintiff paid for.*

*The Defendant asserts a counterclaim against Plaintiff related to the non-payment of certain funds as to the construction project in question.*

C. Briefly identify the major legal and factual issues in the case. *The major legal and factual issues in the case include: (a) whether the Defendant is responsible for reimbursing Plaintiff for the chillers; and (b) the cause and extent of damages related to the delay in the construction project.*

D. State the relief sought by any of the parties. *Claimed out of pocket costs and other damages for which Zayo originally sought reimbursement exceeded $900,000.00. OPI's claim against Zayo was for the sum of $253,351.49. Since the lawsuit was filed, Zayo agreed to a partial settlement of its claim in the amount of $68,929.20 related to the settlement of lien claims brought by subcontractors and suppliers on the project in question. Since the lawsuit was filed, Zayo agreed to a settlement of some of the damages sought by Count III, which relates to the settlement of lien claims brought by subcontractors and suppliers on the project in question, to apply as a credit.*

II. Jurisdiction:

*The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(a)(1) based upon complete diversity of the parties and a minimum amount in controversy in excess of $75,000.00, exclusive of interest and costs. Plaintiff has alleged that venue in this district is proper pursuant to 28 U.S.C. § 1391(a)(1) because the construction project at issue in this case was located in the State of Illinois and under the Illinois Building and Construction Contract Act, any venue provision in the documents at issue that requires suits to be filed outside of Illinois is not enforceable.*

A. Identify all federal statutes on which federal question jurisdiction is based: *28 U.S.C. § 1332(a)(1)*

B. If jurisdiction over any claims is based on diversity or supplemental jurisdiction:

   1. State whether/why the amount in controversy exceeds the jurisdictional threshold or whether there is a dispute regarding the amount in controversy (and, if so, the basis of that dispute). *There is no dispute that the amount in controversy exceeds $75,000.00.*

   2. Identify the state of citizenship of each named party. For unincorporated associations, LLCs, partnerships, and other business entities that are not corporations, the state(s) in which any individual members of the business

        unit are citizens must be identified: *The Plaintiff is a Delaware limited liability company with its principal place of business in Colorado. Zayo Group Holdings, Inc. is a Delaware corporation based in Colorado, and is the sole member of the Plaintiff. Defendant, Ocean Pacific Interiors, Inc. is a New York corporation with its principal place of business located in New York.*

III.     Status of Service: Identify any defendants that have not been served. *There is only one Defendant and it has been served and answered the complaint.*

IV.     Consent to Proceed Before a United States Magistrate Judge: Confirm that counsel have advised the parties that they may proceed before a Magistrate Judge if they consent unanimously and advise whether there is, or is not, unanimous consent. Do NOT report whether individual parties have so consented. *There is no unanimous consent to proceed before the magistrate judge.*

V.     Motions:

    A.    Briefly describe any pending motions. *Not applicable.*

    B.    State whether the defendant(s) anticipate responding to the complaint by filing an Answer or by means of motion. *Defendant answered the complaint.*

VI.    Case Plan:

    A.    The Court has previously stayed the answering of the Defendant's counterclaim by the Plaintiff. The Plaintiff will need time to do so. Plaintiff proposes until July 31" to answer the Counterclaim.

    B.    Submit a proposal for a discovery plan, including the following information:

        1.    The general type of discovery needed. *Written discovery and depositions of 7-10 witnesses.*

        2.    A date for Rule 26(a)(l) disclosures. *Already provided.*

        3.    First date by which to issue written discovery. *Already propounded.*

        4.    A fact discovery completion date. November 20, *2017.*

        5.    An expert discovery completion date, including dates for the delivery of expert reports. Plaintiff to deliver *expert reports by February 9, 2018, and experts to be deposed by March 30, 2018. Defendant to deliver expert reports by April 30, 2018, and said experts to be deposed by May 31, 2018. Expert discovery completion date of May 31, 2018.*

        6.    A date for the filing of dispositive motions. June 29, *2018.*

C. With respect to trial, indicate the following:

1. Whether a jury trial is requested. *Jury on issues so triable.*

2. The probable length of trial. *Four to five days.*

VII. Status of Settlement Discussions:

A. Indicate whether any settlement discussions have occurred. *The parties have negotiated in good faith and have resolved some of the issues in the case. The parties will continue to negotiate.*

B. Describe the status of any settlement discussions. *The parties would like an additional 45 days to work toward a standstill agreement. As the next step will be oral discovery, the parties would like to discuss a way to keep attorneys' fees to a minimum.*

C. Whether the parties request a settlement conference. *Not at this time.*

Dated: June 15, 2017

Respectfully submitted,

ZAYO GROUP, LLC,

By: /s/ Adam C. Toosley
    One of its Attorneys

David J. Doyle
Adam C. Toosley
Freeborn & Peters LLP
311 South Wacker Drive
Suite 3000
Chicago, IL 60606-6677
312.360.6000

OCEAN PACIFIC INTERIORS, INC.

By: /s/ Kevin C. Rasp
    One of its Attorneys

Kevin C. Rasp
O'Hagan LLC
One E Wacker Dr., Suite 3400
Chicago, IL 60601
312.422.6100