**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS/EASTERN DIVISION**

| | |
|---|---|
| ZAYO GROUP, LLC, | |
|     Plaintiff/Counter-Defendant, | |
| v. | Case No. 16-cv-7808 |
| OCEAN PACIFIC INTERIORS, INC., | |
|     Defendant/Counter-Plaintiff. | |

**PLAINTIFF/COUNTER-DEFENDANT, ZAYO GROUP, LLC'S MOTION
FOR LEAVE TO FILE ITS AMENDED COMPLAINT *INSTANTER***

Pursuant to Federal Rule of Civil Procedure Rule 15(a), Plaintiff/Counter-Defendant, Zayo Group, LLC ("Zayo"), by and through its undersigned attorneys, moves for an order granting it leave to file *instanter* an Amended Complaint. In support of its motion, Zayo states:

1. On August 2, 2016, Zayo filed its original complaint against Defendant/Counter-Plaintiff, Ocean Pacific Interiors, Inc. ("OPI") [Doc. No. 1].

2. Since that date, the parties have been discussing settlement and have settled many of the claims at issue in this case.

3. The parties continue to discuss settlement, but Zayo wishes to file its Amended Complaint to take out claims that have been settled and to clean up the pleadings.

4. A proposed Amended Complaint (without exhibits) is attached hereto as Exhibit "1."

5. Leave to amend should be freely granted, particularly where, as here, there is no prejudice to the opposing parties. *See Sides v. City of Champaign*, 496 F.3d 820, 825 (7th Cir. 2007) ("Courts are to use their discretion under Rule 15(a) to liberally grant permission to amend pleadings so long as there is not undue prejudice to the opposing party or undue delay,

bad faith or dilatory motive on the part of the movant.") (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)); *Campania Mgmt. Co. v. Rooks, Pitts & Poust*, 290 F.3d 843, 848–49 (7th Cir. 2002)).

6. OPI will suffer no prejudice from the proposed amendment because the claims are only being reduced and no new claims are being added.

WHEREFORE, Plaintiff/Counter-Defendant, Zayo Group, LLC respectfully requests that the Court grant it leave to file *instanter* its Amended Complaint and for such other and further relief as the Court deems appropriate.

Dated: October 26, 2017                                  ZAYO GROUP, LLC,

                                                    By:    */s/ Adam C. Toosley*
                                                           Adam C. Toosley

David J. Doyle
Adam C. Toosley
FREEBORN & PETERS LLP
311 South Wacker Dr., Ste. 3000
Chicago, Illinois 60606
Tel: (312) 360-6000
atoosley@freeborn.com
*Attorneys for Plaintiff*

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ZAYO GROUP, LLC, <br><br> Plaintiff, <br><br> v. <br><br> OCEAN PACIFIC INTERIORS, INC., <br><br> Defendant. | Case No. |

**PLAINTIFF'S AMENDED COMPLAINT FOR FRAUDULENT INDUCEMENT AND BREACH OF CONTRACT**

Plaintiff, ZAYO GROUP, LLC ("Zayo"), by and through its attorneys, Adam C. Toosley and David J. Doyle of Freeborn & Peters LLP, and for its Amended Complaint against OCEAN PACIFIC INTERIORS, INC., state as follows:

**PARTIES**

1. Zayo is a Delaware limited liability company with its principal place of business in Colorado.

2. Zayo Group Holdings, Inc. is a Delaware corporation based in Colorado, and is the sole member of Zayo.

3. Ocean Pacific Interiors, Inc. ("OPI") is a New York corporation with its principal place of business located in New York.

**SUBJECT MATTER JURISDICTION AND VENUE**

4. The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(a)(1) based upon complete diversity of the parties and a minimum amount in controversy in excess of $75,000.00, exclusive of interest and costs.

5. Venue in this district is proper pursuant to 28 U.S.C. § 1391(a)(1) because the construction project at issue in this case was located in the State of Illinois and under the Illinois

Building and Construction Contract Act, any venue provision in the documents at issue that requires suits to be filed outside of Illinois is not enforceable.

## BACKGROUND FACTS

### General Allegations

6. Pursuant to a written lease, Zayo is the tenant on the property located at 800 East Business Dr., Mount Prospect, IL 60056 (the "Property").

7. In 2013, Zayo decided to build a colocation center on the Property, and the colocation center construction was to be performed in phases (the "Project").

8. On July 10, 2014, Zayo and OPI entered into a Master Services Agreement ("MSA") pertaining to work to be performed for Zayo and by OPI on various projects, including the various phases of the Project. A true and correct copy of the MSA is attached hereto as Exhibit "1."

### Phase Two of the Project

9. On or about February 13, 2014, Zayo and OPI entered into "Exhibit A" to the CMSA for Phase Two of the Project, which outlined OPI's scope of work for that phase, and was for the total sum of $8,173,054.00 to be paid by Zayo to OPI. A true and correct copy of this Exhibit A document is attached hereto as Exhibit "2."

10. As for Phase Two, in addition to the contract sum of $8,173,054.00, there were three additional purchase orders for expanded scope of work entered into on the Project, in the amounts of $15,500.00, $421,946.00 and $550,000.00. True and correct copies of these purchase orders are attached hereto as Group Exhibit "3."

11. Over the course of Phase Two of the Project, Zayo paid OPI the full contract sum of $8,173,054.00, and the last payment was made on July 16, 2014. All of the payments were made in exchange for a release of mechanic's lien provided by OPI.

2

12. The payments for the three purchase orders for Phase Two of the Project were made in the summer of 2014, and were also made in exchange for partial lien releases from OPI.

13. After Zayo received an invoice for OPI's services on the Project, and after OPI received payment from Zayo of that invoice, OPI provided Zayo with a partial lien for each payment made.

14. The total amount of partial lien releases Zayo received from OPI equaled the amount Zayo owed under the parties' agreements on the Project.

15. Zayo satisfied its contractual obligations and received a full and complete release of lien, which was achieved over a total of six (6) partial lien waivers received from OPI.

16. For example, on or about July 16, 2014, OPI provided a Release of Lien, identifying that it was owed $0.00 for its work on Phase Two of the Project after payment of $388,989.81. The July 16, 2014 Release of Lien provided:

> In consideration of receiving a payment from Zayo Group LLC in the amount of $388,989.81, Ocean Pacific Interiors Inc., and its corporate parents, affiliates, subsidiaries, employees, agents, subcontractors, materialmen, successors and assigns (collectively, the "Claimant") hereby agrees and acknowledges it has received partial payment for all work, services, materials and equipment provided to the construction project located at 800 Business Drive, Mt Prospect, IL 60056 (the "Project") due and owing as of this date. To that end, Claimant, as of this date, releases and discharges any claims, rights and/or judgments it has, or may have against, Zayo Group LLC, the owner of the real property located at 800 Business Drive, Mt Prospect, IL 60056 (the "Owner") relative to the Project. **The Claimant represents and warrants that it has paid in full and has otherwise fully satisfied all of its obligations for all work, services, materials and equipment furnished and labor supplied by or on behalf of the Claimant on the Project.**
>
> Claimant sells, assigns and transfers to Zayo Group LLC, its successors or assigns, all of the Claimant's rights, title and interest to any claim, right, judgment or recovery relative to the Property and/or the Project that it has had, or may have as of this date, including Claimant's right to file and discharge mechanic liens. Claimant hereby appoints Zayo Group LLC as its attorney-in-fact for the purposes of discharging any lien Claimant may have filed on the Property. Claimant also agrees to execute such further documents as may be reasonably necessary to effectuate the assignment and transfer the aforementioned

3

claims to Zayo Group LLC. Claimant represents and warrants it has not filed a mechanic's lien on the Property as of this date, and in the future shall not file a mechanic's lien on the Project for the claims released and discharged herein. **Claimant further represents that, as of this date, all suppliers of labor, equipment, materials, superintendence, or any other service or commodity, whether under direct contractual obligations to the Claimant or not, who have contributed directly or indirectly to the Claimant's fulfillment of its contractual obligations relating to the Project, have been paid in full (or shall be paid in full within seven (7) days) and there are no outstanding claims, demands, fines, or unsettled disputes between the Claimant and any of its subcontractors, materialmen, or suppliers.** In the event that the Claimant hereafter becomes aware of any such claim, demand, or dispute, the Claimant agrees to notify Zayo Group LLC writing within three (3) calendar days **and to immediately discharge or satisfy any such claim, demand, or dispute at the Claimant's sole expense**. Claimant(s) further agrees, upon Zayo Group LLC's request, to immediately provide Zayo Group LLC or its designee with such further releases, and releases of liens, and any other requisite instruments from itself and its subcontractors and suppliers as Deutsche Bank may require within three (3) days of Zayo Group LLC's written request.

**Claimant agrees to indemnify, protect, defend and hold Zayo Group LLC harmless from and against all losses, damages, expenses or liabilities of every kind whatsoever which arise from or are related to a breach of any term of this agreement, including without limitation, all losses arising from or in connection with all suits, proceedings, claims and/or demands from third parties** and/or all damages, costs, fines and/or penalties of any kind whatsoever by any governmental entity, and any all claims, demands or losses of every kind whatsoever by Zayo Group LLC's surety on this project (if any), which are suffered, incurred, sustained or required to be paid by Zayo Group LLC, including without limitation all legal costs including attorneys' fees and court costs incurred in investigating and defending any of the above. In connection with this defense and indemnity obligation of the Claimant, **Zayo Group LLC, shall have the right, in its sole and absolute discretion and upon notice to the Claimant, to employ separate counsel in any such suit or proceeding and/or to participate in the defense thereof at the Claimant's expense**. Further, to the extent any statement, covenant or representation made by Claimant herein is breached and/or is false, Zayo Group LLC will be entitled to recover all damages resulting therefrom including, but not limited to, all attorneys' fees incurred by Zayo Group LLC. Any and all litigation arising between the Claimant and Zayo Group LLC as a result of, but not limited to, liability, damages, costs, fines, and/or penalties incurred by Zayo Group LLC shall be litigated in New York and subject to New York state law. The undersigned represents and warrants that he or she is duly authorized to execute this document and bind the Claimant to the promises made herein.

A true and correct copy of the July 16, 2014 Release of Lien is attached hereto as Exhibit "4."

4

17. Despite the representations in the July 16, 2014 Release of Lien, as of the time of the final payment for Phase Two from Zayo to OPI, many subcontractors and suppliers of OPI had not been paid by OPI.

18. To that end, numerous subcontractors and suppliers sent notice and/or recorded mechanic's liens on the Property: (a) on October 1, 2014, Sunrise Electrical recorded a mechanic's lien For $304,089.64; (b) on October 9, 2014, Advance Electrical recorded a mechanic's lien for $69,078.28; (c) on September 3, 2014, Columbia Pipe & Supply recorded a mechanic's lien for $92,783.89; (d) on November 4, 2014, NY Electric recorded a mechanic's lien for $766,600.47; (e) on December 2, 2014, Talaga Sheet Metal recorded a mechanic's lien for $201,978.00; (f) on December 22, 2014, Parkside Insulation recorded a mechanic's lien for $47,323.00; (g) on January 29, 2015, Chicago Switchboard recorded a mechanic's lien for $21,974.76; (h) on February 6, 2015, Porter Pipe recorded a mechanic's lien for $21,620.47; and (i) on October 16, 2014, Burris Equipment Co. recorded a mechanic's lien for $8,261.00.

19. On Phase Two of the Project, OPI was also responsible for the installation of two Arctic Cool chillers on the roof of the Property.

20. The chillers were purchased by Zayo at a cost of $783,000.00.

21. Starting in November of 2014, Zayo noticed issues with the chillers installed by OPI and they eventually became inoperable.

22. The chillers experienced problems and became inoperable as a result of OPI, or one of its subcontractors, failing or neglecting to put glycol in the water in the free cooling coils.

23. In order to correct OPI's work on the chillers, Zayo was forced to expend the sum of $623,973.00.

5

24. Furthermore, OPI has failed to provide certain documentation for Zayo to close out its permit of Phase 2 and receive a certificate of occupancy from the Village of Mt. Propsect related to the Project.

### Phase 2-A of the Project

25. On or about January 19, 2015, Zayo and OPI entered into an Amended Project Services Agreement which was to cover additional work to be performed by OPI on the Project (the "Phase 2-A Agreement"). A true and correct copy of the Phase 2-A Agreement is attached hereto as Exhibit "5."

26. In accordance with the Phase 2-A Agreement, OPI agreed to perform certain punch list and other tasks for the Project. (Exhibit 5).

27. In accordance with the Phase 2-A Agreement, Zayo agreed to pay to OPI the sum of $795,689.00. (Exhibit 5).

28. As for the Arctic Cool chillers referenced above, the Phase 2-A Agreement provided that OPI was to:

(a) Submit a claim to its insurer, without waiving or releasing any insurer subrogation rights, for damage to the chiller system that currently exists;

(b) Provide and fund a mutually acceptable vendor to repair and/or control and oversee the repair of the chiller system to its intended operating condition, which repair(s) and subsequent third party warranty shall be subject to Zayo's prior reasonable approval, which shall not be unreasonably withheld;

(c) Fund the repair of the chiller system in the event that Contractor's insurer denies any or all of the insurance claim;

(d) Upon completion of chiller system repairs, re-commission the mechanical systems to ensure proper operation / functionality as evidenced by the establishment of a third party warranty; and

(e) Provide and/or fund temporary chiller unit(s) as necessary during any and all repairs to the primary/permanent chiller system(s).

(Exhibit 5).

6

29. Claims regarding the chiller system were denied by insurers for both Zayo and OPI, but, to date, OPI has failed and refused to reimburse Zayo for the costs associated with the chillers.

30. In accordance with the Phase 2-A Agreement, OPI agreed to complete the Project by May 1, 2015. (Exhibit 5).

31. The Phase 2-A Agreement was amended by the parties, and the new agreed-upon completion date for the Project was August 17, 2015. A true and correct copy of the Amended First Amendment to Project Service Agreement #2A is attached hereto as Exhibit "6."

32. Despite the agreement to finish this Project by August 17, 2015 in accordance with the Phase 2-A Agreement (and its amendments), OPI did not finish its work until May of 2016.

33. In accordance with the Phase 2-A Agreement, Zayo is entitled to liquidated damages from OPI of one percent (1%) per day, up to one thousand dollars ($1,000) per day, for each calendar day of delay after August 17, 2015. (Exhibits 5 and 6).

## COUNT I
## Fraudulent Inducement

34. Zayo restates and incorporates each of the allegations in Paragraphs 1 through 33 of this Complaint as if fully set forth herein as Paragraph 34.

35. To induce Zayo to make payments to OPI on the Project, OPI provided certain lien waivers to Zayo.

36. On those lien waivers, OPI made representations, including that "all suppliers of labor, equipment, materials, superintendence, or any other service or commodity, whether under direct contractual obligations to the Claimant or not, who have contributed directly or indirectly to the Claimant's fulfillment of its contractual obligations relating to the Project, have been paid

7

in full (or shall be paid in full within seven (7) days) and there are no outstanding claims, demands, fines, or unsettled disputes between the Claimant and any of its subcontractors, materialmen, or suppliers."

37. Despite the representations in the lien waivers, OPI did, in fact, know of "suppliers of labor, equipment, materials, superintendence, or any other service or commodity" who were owed money on the Project and/or that there were outstanding "claims, demands, fines, or unsettled disputes" between OPI and "its subcontractors, materialmen, or suppliers" on the Project.

38. Additionally, for each payment made by Zayo to OPI, OPI provided documents called "Requests for Payment."

39. In the requests for payment, OPI swore under oath that it had paid all amounts previously paid by OPI to its suppliers and subcontractors.

40. In the Sixth Request for Payment for the Project, OPI swore under oath that the total remaining amount due and owing for OPI's work on the Project was $0.00 and that, as of the date of the requests for payment, OPI was 100% complete with Phase Two of the Project.

41. Despite the representations made in the requests for payment, and more specifically, the Sixth Request for Payment, OPI did not pay all sums due to its suppliers and subcontractors and OPI was not 100% complete with Phase Two of the Project as seen by the significant amount of mechanic's liens placed on the property by OPI's suppliers and subcontractors after that date.

42. The representations made by OPI in the lien waivers and requests for payment were made in order to induce Zayo to make payments to OPI.

8

43. The representations made by OPI in the lien waivers and requests for payment were false.

44. Zayo reasonably relied upon the misrepresentations made by OPI in the lien waivers and requests for payment.

45. Zayo relied, to its detriment, on the misrepresentations made by OPI in the lien waivers and requests for payment, and has been damaged by those fraudulent representations.

WHEREFORE, Zayo Group, LLC, requests that this Court enter judgment against Ocean Pacific Interiors, Inc. on Count I in an amount to be proven at trial, and such other costs, fees and expenses as provided for under the agreements between the parties, and for such other relief as this Court determines to be just and proper.

## COUNT II
## Breach of Contract-Failure to Defend/Indemnify

46. Zayo restates and incorporates each of the allegations in Paragraphs 1 through 33 of this Complaint as if fully set forth herein as Paragraph 46.

47. Despite the representations in the lien waivers to the contrary, to date, OPI failed to defend and indemnify Zayo from the claims made by some of its suppliers and subcontractors on the Project.

48. Zayo has fully performed under its contractual obligations with OPI.

49. Due to the breach of the agreement in the lien waivers, Zayo has been damaged in that it incurred attorneys' fees and costs defending against the lien claims of OPI's suppliers and subcontractors.

50. Although Zayo's claims against OPI related to three of OPI's subcontractors or suppliers have been settled (Talaga Sheet Metal, Columbia Pipe, Parkside Insulation), Zayo still

incurred fees and costs unnecessarily defending against the claims of the other claimaints on the Project.

WHEREFORE, Zayo Group, LLC, requests that this Court enter judgment against Ocean Pacific Interiors, Inc. on Count II in an amount to be proven at trial, plus such other costs, fees and expenses as provided for under the agreements between the parties, and for such other relief as this Court determines to be just and proper.

**COUNT III**
**Breach of Contract-Chiller Repairs**

51. Zayo restates and incorporates each of the allegations in Paragraphs 1 through 33 of this Complaint as if fully set forth herein as Paragraph 51.

52. As identified above, as part of the Phase 2-A Agreement, OPI agreed to fund the repair of the Arctic Cool chiller system if OPI's insurer denied the claim regarding the chillers.

53. OPI's insurer denied the claim regarding the chillers.

54. Zayo's insurer also denied the claim regarding the chillers.

55. Despite the promise to do so, OPI has refused and failed to reimburse Zayo for out of pocket costs spent to repair the Arctic Cool chiller system.

56. Zayo has fully performed under the Phase 2-A Agreement.

57. The failure to reimburse Zayo for its out of pocket costs spent to repair the Arctic Cool chiller system is a breach of the Phase 2-A Agreement by OPI.

58. Zayo has been damaged by OPI's failure to reimburse Zayo.

59. On February 23, 2016, Zayo demanded that OPI reimburse it for out of pocket costs spent to repair the Arctic Cool chiller system, but to date, OPI has not responded to the demand or reimbursed Zayo for its out of pocket costs. A true and accurate copy of the February 23, 2016 demand is attached hereto as Exhibit "7."

WHEREFORE, Zayo Group, LLC, requests that this Court enter judgment against Ocean Pacific Interiors, Inc. on Count III in an amount to be proven at trial, plus costs of enforcement and such other costs, fees and expenses as provided for under the agreements between the parties, and for such other relief as this Court determines to be just and proper.

## COUNT IV
## Breach of Contract-Daily Damages for Failing to Complete Project

60. Zayo restates and incorporates each of the allegations in Paragraphs 1 through 33 of this Complaint as if fully set forth herein as Paragraph 60.

61. In accordance with the Phase 2-A Agreement (and its amendment), OPI agreed to finalize Phase 2-A of the Project by August 17, 2015. (Exhibits 5 and 6).

62. Despite the agreement to finish Phase 2-A of the Project by August 17, 2015 in accordance with the Phase 2-A Agreement (and its amendments), OPI did not finish its work until April of 2016 at the earliest.

63. In accordance with the Phase 2-A Agreement, Zayo is entitled to liquidated damages from OPI of one percent (1%) per day, up to one thousand dollars ($1,000) per day, for each calendar day of delay after August 17, 2015. (Exhibits 5 and 6).

64. Zayo has fully performed under the Phase 2-A Agreement.

65. The failure of OPI to finish Phase 2-A of the Project is a breach of the Phase 2-A Agreement by OPI.

66. Zayo has been damaged by OPI's breaches of the Phase 2-A Agreement.

67. On February 19, 2016, Zayo demanded that OPI pay the liquidated damages due to OPI's failure to complete Phase 2-A of the Project in a timely manner, but to date, OPI has not responded to the demand or paid Zayo the liquidated damage amount. A true and accurate copy of the February 19, 2016 demand is attached hereto as Exhibit "8."

11

WHEREFORE, Zayo Group, LLC, requests that this Court enter judgment against Ocean Pacific Interiors, Inc. on Count IV in an amount to be proven at trial, plus costs of enforcement and such other costs, fees and expenses as provided for under the agreements between the parties, and for such other relief as this Court determines to be just and proper.

## COUNT V
## Breach of Contract-Other Damages on the Project

68. Zayo restates and incorporates each of the allegations in Paragraphs 1 through 33 of this Complaint as if fully set forth herein as Paragraph 68.

69. The MSA provided, in part, in Section 6 that:

**Warranty of Services**: [OPI] warrants that the Services performed under this Agreement conform to the Agreement requirements and are free from defects in design or workmanship performed by the [OPI] or any of its subcontractors (the "Services Warranty"). This Services Warranty shall remain in effect for twelve (12) months from the date Services are completed.

[OPI] shall remedy at its expense any such defect or failure to conform and is responsible for any damages to persons and property resulting from such defects or failure to conform. The Contractor shall also restore any Services damaged in fulfilling the terms of this Services Warranty.

(Exhibit 1).

70. On June 19, 2014, during construction on the Project, OPI failed to wait the statutorily required period of time after calling the Illinois State One-Call System, before commencing their work to request a locate extension and to have all utility companies mark their lines on the property.

71. When OPI called the Illinois State One-Call System, OPI was required to cease all digging activities on the property to allow all utility companies to mark their lines.

72. OPI violated the Illinois State One-Call System when it continued to excavate on June 21, 2014 and hit and damaged Commonwealth Edison's service line in the tolerance

12

zone/easement with power equipment, ultimately knocking out power to the facility where the Project was located.

73. OPI's actions have damaged Zayo in that Commonwealth Edison has billed Zayo for the aforementioned damage to its service line.

74. OPI's failure to reimburse Zayo for the amount billed by Commonwealth Edison is a breach of the MSA, and more specifically, the warranty provision in Section 6.

WHEREFORE, Zayo Group, LLC, requests that this Court enter judgment against Ocean Pacific Interiors, Inc. on Count V in an amount to be proven at trial, plus costs of enforcement and such other costs, fees and expenses as provided for under the agreements between the parties, and for such other relief as this Court determines to be just and proper.

                                        Respectfully submitted,

                                        ZAYO GROUP, LLC,

                                        By: /s/ Adam C. Toosley
                                                One of its Attorneys

David J. Doyle
Adam C. Toosley
Freeborn & Peters LLP
311 South Wacker Drive
Suite 3000
Chicago, IL 60606-6677
312.360.6000

13